**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **OKTAY AGCAOGLU,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **CAFN:** |
| | ) | |
| | ) | |
| **BOARD OF REGENTS OF THE** | ) | |
| **UNIVERSITY SYSTEM OF** | ) | |
| **GEORGIA  (GEORGIA STATE** | ) | |
| **UNIVERSITY)** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **VINCENT CALHOUN** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Oktay Agcaoglu ("Dr. Agcaoglu"), files this Complaint against the Defendants under Title VII because Defendant unlawfully discriminated against Dr. Oktay base on his protected characteristics of race and national origin, both of which motivated Defendant at least in part to discriminate against Dr. Oktay. Also, Defendant violated Dr. Oktay's rights to equal protection of the laws s guaranteed by the Fourteenth Amendment to the United States Constitution because

Defendant intentionally treated Dr. Oktay, a member of a protected class, differently from similarly situated individuals outside of that protected class.

## INTRODUCTION

As a foreign born practicing Muslim, Plaintiff found himself in a position of both national origin and religious discrimination, as he watched the majority Christians get every opportunity available for advancement, Dr. Oktay remained stuck. In fact, by 2025, every foreign born practicing Muslim, who held the rank of scientist, had been eliminated from his department. He now files suit to vindicate his rights.

## JURISDICTION AND VENUE

1.

Jurisdiction is proper under 28 U.S.C. § 1331 and 1343(a)(4). And, venue is proper under 28 U.S.C. § 1391(b) because (1) a substantial part of the events and omissions giving rise to Dr. Oktay's claims occurred within this District and Division and (2) Defendants reside and transact business in this District and Division.

## PARTIES

2.

**Plaintiff,** OKTAY AGCAOGLU, is a Georgia and U.S. Citizen, living in Fulton County.

3.

**Defendant**, Board of Regents of the University System of Georgia, is an educational and administrative unit of the State of Georgia, who can be sued at the Boad of Regents of the University System of Georgia

4.

**Defendant,** Vincent Calhoun, was at all times Funding Director of Translational Research in Neuroimaging and Data Science ("Department") and the decision maker who discriminated against Dr. Oktay with respect to the fact established by this complaint.

5.

## STATEMENT OF FACTS

6.

Dr. Oktay was born in Nevsehir, Turkey and graduated from both Highschool and College in Turkey. Dr. Oktay received his University degree in electrical engineering from Bogazici University in Istanbul, Turkey.

7.

Dr. Oktay then arrived in the United States, in 2011, to study at the University of New Mexico as a Ph.d candidate and received his Ph.d. from University of New Mexico in electrical and computer engineering.

8.

While receiving his Ph.d, Dr. Oktay begin a working in 2013 as graduate research assistant with his Ph.d advisor, Vince D. Calhoun.

9.

For a total of eleven years, Dr. Oktay worked with his graduate supervisor as a graduate research assistant, then, post-doctoral assistant, and then as a research scientist regarding computer and electrical engineering.

10.

Dr. Oktay's graduate supervisor moved his research lab to Georgia State University (GSU) in May 2019 and thus Dr. Oktay followed him to GSU as a research scientist.

B.    **Religious discrimination begins at GSU (Board of Regents)**

11.

Approximately six research scientist were in Dr. Oktay's group under the direct supervision of Dr. Calhoun—all six research scientist , two were Chinese, one Brazilian, one is Iranian, and one is from India, and Dr. Oktay from Turkey.

12.

These research scientist in the Department, at all relevant times, were non-Muslim/Christian faith.

13.

By 2022, Dr. Oktay begins to notice that the non-Muslim and especially Christians were receiving preferential treatment.

14.

In fact, of all the research scientist that Dr. Oktay began with, he is the only one not to be promoted to a higher position—noting that he was the only Muslim—despite being more qualified than his peers.

15.

Relevantly, promotions take into consideration Co-authorship, and Defendant Vince provides the opportunities for co-authorship. All non-Muslims in Dr. Oktay's group received 10-36 co-authorship opportunities **per year**. Whereas Dr. Oktay received 15 co-authorship opportunities in the **entire** five year period he worked in the Department.

16.

Defendant Vince was the director of Translational Research in Neuroimaging and Data Science, and this department had the following categories for students and professors and scientist: Research Students, Post

Doctoral, Research Scientist I, Research Scientist II, Research Professor, Assistant Professor, then Vince.

17.

At the annual award ceremony, only non-Muslim received award and in particular those attending Christian churches.

18.

At all times relevant, Defendant knew that Dr. Oktay was a practicing Muslim because they observed him during Ramadan, he ate only Halal food and he told them he practiced the Muslim.

19.

In fact, along with Dr. Oktay every other practicing Muslim, from a foreign country, was release in 2025 due to alleged funding shortage, leaving no practicing Muslim in the entire department, at the level of research scientist or higher.

20.

Additionally, for example, Anthony Ellis, a Ph.d student and practicing Christian, was approved to attend multiple conference for which Defendant Vince denied that same opportunity to Dr. Oktay despite his multiple request to attend these same conferences. Mr. Ellis was a much lower ranked person within the Department under Defendant Vince's supervision.

21.

Within the Department all Directors and mangers were white, non-Muslim, with the majority being Christians.

**COUNT I**
**<u>TITLE VII DISCRIMINATION BASED ON RELIGION AND NATIONAL ORIGIN</u>**
(against Board of Regents)

22.

Plaintiff now fully incorporates the facts and assertions found in paragraphs 1-21, as if fully stated herein to support all allegations made in this Count.

23.

Based on the facts and assertions incorporated to support this Count, Defendant unlawfully discriminated against Dr. Oktay, in violation of Titel VII, based on his protected characteristics of race and national origin, both of which motivated Defendant at least in part to discriminate against Dr. Oktay. As such, Dr. Oktay is allowed all permissible damages under governing law.

## COUNT II
## SECTION 1983- EQUAL PROTECTION CLAIM FORDISCRIMINATION BASED ON  NATIONAL ORIGIN AND RELIGION
(against Vince Calhoun)

24.

Plaintiff now fully incorporates the facts and assertions found in paragraphs 1-21, as if fully stated herein to support all allegations made in this Count.

25.

Based on the incorporated facts to support this Count, Defendant violated Dr Oktay's rights to equal protection of the laws s guaranteed by the Fourteenth Amendment to the United States Constitution because Defendant intentionally treated Dr. Oktay,  a member of a protected class, differently from similarly situated individuals outside of that protected class. As such, Dr. Oktay is allowed all permissible damages under governing law.

### PRAYER FOR RELIEF

WHEREFORE, Dr. Oktay respectfully prays and requests a trial by jury and judgment of this Honorable Court against Defendants as follows:

(a) The process issue and service be had on Defendants;

(b) That judgment be granted in favor of the Plaintiff against the Defendants, on all matters this Court deem are matter of pure law, jointly and severally, for the injuries of Plaintiff. And that all other matters be resolved by a jury;

(c) That Plaintiff recover all damages permissible by law, to include compensatory damages, punitive damages (not against Defendant Board of Regents), and **special damages**, including any back pay, future lost income, damages for his reduction in earning capacity and other expenses in an amount not less than one-million dollars ($1,000,000);

(d) Plaintiff recovers all costs of litigation, including reasonable attorney fees;

(e) That a jury trial be had on all issues so triable; and

(f) That this Court enter and award such other and further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court so determines to be just and proper.

Respectfully submitted this day June 2, 2026.

**/s/ MARIO WILLIAMS**
Mario Williams
Ga. Bar No. 235254

**HUMANITY DIGNITY AND RIGHTS LLC**
Life Time Work - Buckhead - at Phipps Plaza
3480 Peachtree Road, NE,
Second (2nd) Floor
Atlanta, Georgia 30326
Tel.: (470) 257-2485
Email: mwilliams@hdrattorneys.com
*Counsel for Plaintiff*